IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DALE BRUCE JENKINS, )<br>)<br>) CIVIL ACTION NO. 3:08-1678-TLW-JRM<br>Petitioner, )<br>)<br>v. ) **REPORT AND RECOMMENDATION**<br>)<br>ELAINE C. ROBINSON, )<br>WARDEN, )<br>)<br>Respondent. )<br>_____) | |

Petitioner, Dale Bruce Jenkins ("Jenkins"), is an inmate with the South Carolina Department of Corrections, serving ten (10) years imprisonment for trafficking in cocaine and possession of cocaine with intent to distribute within close proximity to a park or school. On April 22, 2008, Jenkins filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case was automatically referred to the undersigned pursuant to Local Rule 73.02(B)(2)(c) and (e) (D.S.C). Respondent filed a motion for summary judgment on August 25, 2008. An order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was entered on August 27, 2008. Jenkins filed his response to the motion for summary judgment on September 19, 2008.

### **Background and Procedural History**

The record shows that a confidential informant ("CI") working with agents of the Organized Crime Bureau in Georgetown County made a controlled purchase of crack cocaine from Jenkins' residence on or about January 3, 2002. Thereafter on January 4, 2002 a search warrant was issued. Jenkins was arrested and found to be in possession of drugs. Another quantity of drugs was found

1

during the search of Jenkins' residence. (App. 90). The arrest and search occurred on January 9, 2002.

Jenkins was released on bond on January 14, 2002. (App. 4). The case was called for trial on August 5, 2003, but Jenkins did not appear. He was tried in his absence under South Carolina procedure and found guilty by a jury. Jenkins was represented by R. Scott Joye, Esquire. The court severed the charges and the trial related to the fruits of the search, and not the drugs found at Jenkins' arrest. Counsel also made a motion to suppress the evidence found during the search, but after a hearing the motion was denied. (App. 29-39). A bench warrant was issued, and Jenkins was subsequently arrested.

A direct appeal was filed through the South Carolina Office of Appellate Defense raising the following issue:

> Did the trial court err in finding that appellant's constitutional rights to not testify and to rely entirely upon the presumption of innocence were not violated where the solicitor stated in closing argument that "all the defendant would have to do is get on the stand and say, 'It wasn't mine. It wasn't me'" in discussing the absent appellant's claim, through his attorney, that the police coerced him into telling them where the illegal drugs were?

The convictions were affirmed by the South Carolina Court of Appeals. *See* State v. Jenkins, Unpub.Op.No. 2005-UP-607 (filed December 6, 2005).

Jenkins filed an application for post-conviction relief ("PCR") on March 8, 2006. (App. 228). An evidentiary hearing was held on January 16, 2007. Jenkins was represented by Paul Archer, Esquire. The PCR court denied the application by order dated February 1, 2007. (App. 309).

A Johnson[1] petition for writ of certiorari was filed by the South Carolina Commission of

---

[1] Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (S.C. 1988).

Indigent Defense raising the following issue:

> Trial counsel erred in failing to preserve the fourth amendment search and seizure issues for appellate review.

Jenkins filed a *pro se* petition under South Carolina's <u>Johnson</u> procedure raising the following issue:

> Did the PCR Court err when it concluded that trial counsel was not ineffective where trial counsel failed to adequately investigate and failed to competently argue a meritorious Fourth Amendment right of the Constitution?

The petition for writ of certiorari was denied on March 18, 2008. The Remittitur was returned on April 16, 2008.

### **Grounds for Relief**

In his present petition, Jenkins asserts that he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:**     1. Denial of the Sixth and Fourteenth Amendment of the United    States Constitution.

**Supporting Facts:**    A.  The Petitioner was denied effective assistance of counsel and equal protection under due process guaranteed by the Sixth and Fourteenth Amendment of the Constitution where counsel incompetently litigated a meritorious Fourth Amendment issue because he failed to conduct an adequate pretrial discovery . Counsel's inadequate performance led the court to conclude that he arrest and search warrant constituted probable cause thereby denying the defense motion to suppress those illegally obtained evidences.

### **Discussion**

Jenkins' claims of ineffective assistance of counsel all relate to the suppression hearing. First, Jenkins asserts that counsel failed to adequately investigate the facts surrounding the issuance and execution of the search warrant. Second, Jenkins asserts that counsel was ineffective because he failed to cite South Carolina law on search and seizure during argument.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal

habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. See Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

An attorney has a duty to make a reasonable factual and legal investigation to develop appropriate defenses. Sneed v. Smith, 670 F.2d 1348 (4th Cir. 1982). The reasonableness of the investigation is evaluated by the totality of the circumstances facing the attorney at the time. Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991), *cert. denied*, 505 U.S. 1230 (1992). The Courts recognize limits to investigation based on time, resources, and relevance and conclude that "Strickland does not impose a constitutional requirement that counsel uncover every scrap of evidence that could conceivably help their client." Green v. French, 143 F.3d 865, 892 (4th Cir. 1998), *abrogated on other grounds* by Williams v. Taylor, 529 U.S. 362 (1998). A decision not to investigate a particular avenue of defense is assessed by the same standard of "reasonableness in all the circumstances" by which an attorney's performance is measured in other areas. Strickland, 466 U.S. 690-91. A petitioner asserting a claim of ineffectiveness of counsel in failing to investigate must make a showing that the failure was prejudicial. Generally, the failure to investigate and present a potential alibi witness supports a claim of ineffective assistance of counsel. However, at the PCR hearing, the petitioner must present evidence establishing what the witness would have said at trial. Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990), *cert. denied*, 499 U.S. 982 (1991).

At the suppression hearing, counsel argued that (1) the search warrant was facially invalid

because it did not link Jenkins to the sale of the drugs,[2] (2) the search was stale because it occurred five days after the issuance of the warrant, and (3) the search warrant was invalid because it lacked information concerning the reliability of the CI. The court reviewed the search warrant and denied the motion.

Counsel also objected because the affidavit stated the CI was a female and discovery showed the CI was actually a male. Testimony was taken on the issue and the affiant stated that showing the CI to be a female was a deliberate attempt to disguise the identity of the CI. The officer testified that the affidavit was orally supplemented to give the issuing magistrate accurate information.

Jenkins does not appear to assert his claims of ineffective assistance of counsel with respect to these issues. Instead, he appears to argue that counsel was ineffective with failing to investigate the chain of custody for the drugs. According to Jenkins, the paperwork shows a discrepancy in the "drop dates".[3] Jenkins gave confusing testimony on these issues at the PCR hearing. (App. 275-281). The PCR court summarized the testimony

> Applicant also contends the State had two or perhaps three different "drop dates" for the drug evidence in this case. Applicant submitted a number of documents regarding this issue. The Court perceives this allegation as one of ineffective assistance of counsel for failing to take advantage of a weakness in the State's case. However, he has failed to meet his burden of proving there was any flaw in the State's chain of custody for the charges in question. In rendering this ruling, the Court notes multiple submission dates for the testing of evidence related to Applicant is likely because he was the subject of the confidential informant buy and there was another charge arising from drugs dropped at his arrest. Additionally, there were two separate bags of cocaine found during the execution of the search warrant albeit with the same control number. (Trial tr.pp. 106, 155). Applicant has failed to meet his burden of proving deficient performance or resulting prejudice regarding this issue.

---

[2]The affidavit did link the residence to the sale.

[3]*See* documents contained in "Supplemental Appendix".

(App. 313-314).

Jenkins also asserts that counsel was ineffective for failing to cite appropriate authority to support the suppression motion, even though the court invited counsel to submit cases on the issue of whether the defendant has to be named in the affidavit for the search warrant. (App. 31). Jenkins now argues that counsel should have cited S.C.Code Ann. § 17-13-140. That statute provides for the issuance, execution and return of search warrants. Jenkins does not allege that the search warrant in question violated the statute or how citation of the statute would have produced a different result at the suppression hearing.

In his Roseboro return Jenkins argues that "it is not that counsel failed to just cite the relevant statute, but that he failed to completely argue the law in accordance to the statute with regards to the error underlined in this petition." (Traverse, p. 4). Jenkins cites Franks v. Delaware, 438 U.S. 154 (1978)[4] and returns to his argument that the affidavit contained false information because the CI was deliberately described as a female, when in fact the CI was a male.

Even if the issue had not been resolved at the suppression hearing based on supplemental oral testimony to the magistrate, the undersigned concludes that the gender of the CI was not essential to the finding of probable cause.

## **Conclusion**

The undersigned concludes that the findings of the PCR court were not contrary to, or a misapplication of the Strickland test. Therefore, it is recommended that Respondent's motion for

---

[4]Franks recognized the strong presumption of validity of affidavits in support of search warrants, but held an attack can be valid where the defendant shows (1) knowing inclusion of false statements in the affidavit which (2) was essential to the probable case determination.

7

summary judgment be **granted** and the petition **dismissed** without an evidentiary hearing.



_____
Joseph R. McCrorey
United States Magistrate Judge

January 13, 2009
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).